Ruffin', Chief Justice,
 

 after stating the case as above, proceeded as follows: We are not aware of any equity, on which the bill can be supported : and are of opinion that it must be dismissed. If the defendants had found it necessary to seek their redress here, their obligations to remunerate the plaintiffs for outlays, of which they derived the benefit, might perhaps be recognised. But that is not the case. The guardian did not clothe himself with the legal title, but the ward was able to recover at law upon her original title and without any help from this Court. The guardian has to resort to us, and he asks that the recoveries at law may be defeated, at least in part. The equity on which this is asked is, at all events, novel. It is one of this sort: That a trustee may claim from the
 
 cestui que trust
 
 immunity from the consequences of a breach of trust, or indemnity against pecuniary loss from it. We see no sound reason for such a principle. It is said, however, that there was no breach of trust; for the sale was ineffectual, and the title remained as before. But that only proves that by the providence of the law, the breach of trust was not as successful, nor the injury as great as it was intended. Still it was a breach of trust, inasmuch as the guardian denied his ward’s title, and claimed and disposed of her negroes as his own. If a stranger had taken the slaves into possession as a wrong-doer, neither natural justice nor artificial equity would sustain a demand upon the
 
 *153
 
 innocent owner for outlays on the slaves, beyond the proceeds of their own labor. With even less face, it would seem, can one prefer the claim, whose office it' was to take and keep possession for the owner, and who, contrary to his office, denied the owner’s right and set up title in himself. If the title thus set up prove defective, the party must submit to the loss. He can look no further for remuneration ; for his advances were made in confidence of his own tide, and not on the faith of that of his
 
 cestui que trust.
 
 The relation between the parties cannot, therefore, affect the question; for every act, out of which the claim arises, was done without reference to that relation, and contrary to the duties incident to it. The bill must be dismissed with costs.
 

 Pee. Cukiam. Bill dismissed.